ELSIE KASPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH ANFENGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALMA ANFENGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARIAM BASCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH BASCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7857–7861. Promulgated August 12, 1927.

The evidence does not establish that respondent erred in his computation of allowance for depreciation.

*George E. H. Goodner, Esq.,* for the petitioners.
*R. A. Littleton, Esq.,* for the respondent.

These are proceedings for the redetermination of deficiencies as follows:

| Petitioner | 1920 | 1921 | Total |
|---|---|---|---|
| Elsie Kasper | $367.54 | $41.91 | $409.45 |
| Joseph Anfenger | 40.25 | 152.42 | 192.67 |
| Alma Anfenger | 37.89 | 101.36 | 139.25 |
| Mariam Basch | 274.70 | 421.59 | 696.29 |
| Joseph Basch | 274.70 | 421.59 | 696.29 |

The only issue is as to the method used of computing depreciation on property owned by a partnership of which the petitioners are members. The appeals were consolidated for hearing and decision.

FINDINGS OF FACT.

The petitioners are members of the partnership of Joseph Basch & Co., which is engaged in business at Los Angeles, Calif. The interests of the petitioners are as follows:

Elsie Kasper _____ one-fourth
Joseph Anfenger _____ one-eighth
Alma Anfenger _____ one-eighth
Mariam Basch _____ one-fourth
Joseph Basch _____ one-fourth

The business of the partnership is that of renting rugs, furniture, and bric-a-brac to motion picture producers in and near Los Angeles County for use in dressing motion picture sets. The partnership owns all of the equipment that it so rents out. The furniture is of the kind known as "period," some of which is purchased in various cities in the United States and some in foreign countries. Only a small part of the furniture is antique, the rest being reproductions of antique and period furniture. The partnership carries no modern types of furniture.

The furniture and equipment is rented by the week, the rental charge being a certain percentage of the cost or value of the article. The charges formerly made were 10 per cent for the first week and 5 per cent for each succeeding week, but in recent years, due to competition and to the fact that many studios have acquired extensive collections of furniture and equipment for dressing sets, the partnership has been forced to reduce its rental charges. The rental charges are usually based on the purchase price of the particular article, plus freight and the cost of any labor necessary to put the piece in condition to rent.

When a call is received for an article it is taken by truck to the receiving room of the motion picture studio and from there to the set in which it is to be used. The furniture receives hard usage while it is in the hands of the studios and all pieces rented are put through the partnership shop for repairs and cleaning before being placed on the floor again for rental purposes. Costs of repairing are borne by the partnership except when an article is damaged by a studio to an extent that it is beyond repair, in which case the cost of the article is charged to the studio and deducted from inventory. Some of the partnership's furniture has been in its place of business for several years and has never been rented.

The partnership has never sold any of its furniture or equipment. Its entire income is from rentals.

In the years 1920 and 1921 the partnership set up a reserve for depreciation equal in each year to 50 per cent of the purchases for that year, 25 per cent of the purchases for the preceding year, and 5 per cent of the purchases for each of the next preceding five years. It has followed the same procedure in subsequent years. The Commissioner allowed depreciation at the rate of 14 per cent per year on a straight line basis, thereby increasing the income of the partnership for the years 1920 and 1921. In auditing the returns of the petitioners the Commissioner increased their reported income by a proportionate share of the increased income of the partnership, which gives rise to the deficiencies here involved.

## OPINION.

ARUNDELL: We have repeatedly refused to affirm any theoretical method of computing depreciation. *Appeal of Kinsman Transit Co.*, 1 B. T. A. 552; *Otis Steel Co.* v. *Commissioner*, 6 B. T. A. 358. In the latter case we said that depreciation "must be determined from the facts of each particular case." The facts in the present case show that some of the partnership's furniture upon which it claims a depreciation of 50 per cent for the year in which purchased was not rented during that year; some of it has never been rented although in the possession of the partnership for several years. It can not be said, in the face of such facts, that all of the furniture depreciated to the extent claimed by the petitioners. Moreover, the petitioners have failed to establish that the first rental of furniture depreciated it to the extent claimed for the purpose for which it was used. One of the partners testified that upon the sale of furniture and delivery of it to the home of the purchaser, "it immediately becomes secondhand furniture and the value is immediately reduced from 50 to 75 per cent." Another partner testified that the first rental of furniture to a studio depreciates its sales value at least 50 or 75 per cent. These estimates, it will be noted, refer to depreciation in *sales value* of furniture as a result of its sale or rental. The partnership was not engaged in selling furniture and care was taken to impress that fact upon us. Its business was that of renting its furniture and other equipment.

The recent case of *United States v. Ludey*, 274 U. S. 295, holds that "the amount of the allowance for depreciation is the same which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost." The amounts to be deducted from income for depreciation thus depend upon the period of the useful life of the depreciable assets. The record does not show that the partnership's merchandise suffered depreciation for the purpose used through its first rental beyond the 14 per cent allowed by the respondent. We must, therefore, affirm the respondent's determination in all the appeals.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and GREEN.